IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND

| | |
|---|---|
| ALEATHER THOMPSON<br>4075 Skiff Road<br>Willoughby, Ohio 44094<br><br>Plaintiff,<br><br>vs.<br><br>UHHS RICHMOND HEIGHTS HOSPITAL, INC.<br>c/o Janet L. Miller<br>Statutory Agent<br>11100 Euclid Avenue<br>Cleveland, Ohio 44106<br><br>and<br><br>UNIVERSITY HEALTH AGENT FOR UHHS<br>RICHMOND HEIGHTS HOSPITAL<br>11100 Euclid Avenue<br>Cleveland, Ohio 44106<br><br>Defendants. | CASE NO. 1:07CV0783<br><br>JUDGE<br><br>**JUDGE NUGENT**<br><br>COMPLAINT<br><br>**MAG. JUDGE McHARGH** |

Plaintiff brings this action for the recovery of losses she sustained as a result of Defendants' violation of the Family Medical Leave Act ("FMLA). 29 U.S.C. §2601 *et seq.* and of 42 U.S.C. §1981. In addition, Plaintiff seeks relief under RC 4112.01 *et seq.* Plaintiff seeks statutory liquidated damages, compensatory and punitive damages, and equitable relief.

## JURISDICTION AND VENUE

1.  The claims brought pursuant to the FMLA and 42 U.S.C. §1981 herein are brought pursuant to federal law and damages exceed jurisdictional requirements. Plaintiff's claims brought pursuant to RC 4112 are so related to Plaintiff's claim brought under 42 U.S.C. §1981 that they form part of the same case.

2.  Defendants are located in Cuyahoga County, Ohio.

3.  Defendants conducted activities that gave rise to the claims for relief in Cuyahoga County, Ohio.

## PARTIES

4.  Plaintiff Aleather Thompson is a natural person who is a resident of the State of Ohio.

5.  Defendant UHHS Richmond Heights Hospital, Inc. was and is at all times pertinent herein a non-profit corporation organized and/or existing under the laws of the State of Ohio.

6.  Defendant University Hospital Health Agent for UHHS Richmond Heights Hospital was and is at all times pertinent herein an entity organized and doing business in the State of Ohio and is an agent of Defendant UHHS Richmond Heights Hospital.

## FIRST CLAIM FOR RELIEF - FMLA

7.  Plaintiff was employed by Defendants from 1983 until she was terminated effective November 1, 2005 while serving in the position of Supervisor in the Department of Nutritional Services at Richmond Heights Hospital, supervising the kitchen.

8.  Plaintiff was diagnosed with a serious health condition on or about

2

October 22, 2005, and was hospitalized for that condition.

9. Defendants certified Plaintiff's request for leave under the FMLA that began on October 22, 2005 for the foregoing serious health condition. She was unable to return to work until November 2, 2005 because of her serious health condition.

10. Plaintiff returned to work on or about November 2, 2005 and was told by Defendants that her position had been eliminated and that she was terminated.

11. Defendants had not in fact eliminated Plaintiff's supervisory position, but instead put someone else in her place to supervise the kitchen as she had done.

12. Defendants employed more than fifty persons within a seventy-five mile radius throughout the year 2004 and/or 2005.

13. In the period November 1, 2004 through November 1, 2005, Plaintiff had worked at least 1,250 hours for Defendants.

14. Plaintiff is an eligible employee as defined by 29 U.S.C. §2611(2).

15. Defendants are employers as defined by 29 U.S.C. §2611(4)(A).

16. Plaintiff's leave that commenced on or about October 22, 2005 was for a serious health condition as defined by 29 U.S.C. §2611(11)(B).

17. Defendants violated the FMLA by refusing to restore Plaintiff at the end of her FMLA protected leave.

18. Defendants lacked good faith and/or reasonable grounds to believe that they had not violated the FMLA in its treatment and discharge of Plaintiff.

19. Defendants' violations of the FMLA entitle Plaintiff, pursuant to 29 U.S.C. §2617(a), to monetary damages which include back pay and benefits, statutory liquidated

3

damages, and attorneys fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event not less than $200,000.00.

## SECOND CLAIM FOR RELIEF-RC 4112 RACE DISCRIMINATION

20. Plaintiff realleges and incorporates the statements contained in paragraphs 1 through 19 hereof as if fully rewritten herein.

21. Plaintiff is an African American.

22. Plaintiff was and is well qualified for the position she held as Supervisor in the Nutrition Department at Richmond Heights Hospital.

23. Defendants replaced Plaintiff with a less qualified white person.

24. Defendants were and are at all times pertinent employers as defined under RC 4112.01.

25. Plaintiff was at all times pertinent an employee as defined under RC 4112.01.

26. Defendants terminated Plaintiff because of her race in violation of RC 4112.

27. Defendants treated the African American employees who worked in Plaintiff's department differently than they treated the white employees.

28. Defendants disciplined the African American employees for infractions for which they did not discipline the white employees.

29. Defendants required the African American employees to perform harder, dirtier jobs than the white employees were required to perform.

30. Plaintiff was not permitted to discipline the white employees, but was allowed to discipline the African American employees.

31. Defendants constantly attempted to find fault with Plaintiff's work performance

4

when she was not at fault.

32. The aforementioned acts of Defendants created an offensive, intimidating racially hostile work environment and interfered with the terms, conditions, and/or privileges of Plaintiff's employment.

33. As a direct and proximate result of the foregoing race discrimination by Defendants, Plaintiff sustained a loss of past and future income and benefits, a loss of earning capacity, and pain and suffering.

34. Defendants' actions were willful, malicious, and in reckless disregard for Plaintiff's legal rights, and are of the nature for which Plaintiff is entitled to recover from Defendants punitive damages.

### THIRD CLAIM FOR RELIEF-RC 4112 RETALIATION

35. Plaintiff realleges and incorporates the statements contained in paragraphs 1 through 34 hereof as if fully rewritten herein.

36. Sometime in mid summer, 2005, Plaintiff complained to Defendants' Human Resources Department about the race discrimination to which she and other employees in her department were subjected.

37. Plaintiff demanded that Defendants' Human Resources Department remedy the foregoing racial discrimination, but Defendants did nothing to eliminate the discrimination.

38. Defendants terminated Plaintiff because she had opposed the racial discrimination, in violation of RC 4112.

39. As a direct and proximate result of the foregoing race discrimination by Defendants, Plaintiff sustained a loss of past and future income and benefits, a loss of earning

capacity, and pain and suffering.

40. Defendants' actions were willful, malicious, and in reckless disregard for Plaintiff's legal rights, and are of the nature for which Plaintiff is entitled to recover from Defendants punitive damages.

## FOURTH CLAIM FOR RELIEF-42 U.S.C. §1981

41. Plaintiff realleges and incorporates the statements contained in paragraphs 1 through 39 hereof as if fully rewritten herein.

42. Defendants terminated Plaintiff's employment because of her race, in violation of 42 U.S.C. §1981.

43. Defendants terminated Plaintiff's employment because she opposed the racial discrimination that existed in her department, in violation of 42 U.S.C. §1981.

44. As a direct and proximate result of the foregoing race discrimination by Defendants, Plaintiff sustained a loss of past and future income and benefits, a loss of earning capacity, and pain and suffering.

45. Defendants' actions were willful, malicious, and in reckless disregard for Plaintiff's legal rights, and are of the nature for which Plaintiff is entitled to recover from Defendants punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant judgment on all of her claims against Defendants, jointly and severally, and specifically requests the following, pursuant to the FMLA, RC 4112, and 42 U.S.C. §1981:

For the First Claim for Relief:

a) Monetary damages including back pay and benefits, and liquidated damages

b) Attorneys fees and costs

c) Front pay in an amount to be determined at trial, but in any event not less than $200,000.00

For the First, Second, Third, and Fourth Claims for Relief:

a) an award of compensatory damages to Plaintiff sufficient to address the harm she has sustained in amounts to be determined at trial;

b) an award of punitive damages in amounts to be determined at trial that will reasonably prevent similar future unlawfulness and to punish Defendant;

d) an award of reasonable attorneys' fees and the costs and expenses of this action:

e) an award of prejudgment and post-judgment interest; and

f) back pay, front pay and such other and further relief as may be found appropriate and as the Court may deem just or equitable.

Respectfully submitted,

/s/ Sandra J. Rosenthal
SANDRA J. ROSENTHAL, ESQ. (0040215)
75 Public Square, Suite 1300
Cleveland, OH 44113
(216) 696-9936
Fax (216) 621-9640
E-mail br25423@aol.com

/s/ David A. Forrest, Esq.
DAVID A. FORREST, ESQ. (0006673)
JEFFRIES, KUBE, FORREST &
MONTLEONE CO., L.P.A.
1650 Midland Building
101 Prospect Avenue, West

7

Cleveland, OH 44115-1027
216-771-4050
Fax 216-771-0732
E-mail dforrest@jkfmlaw.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury in the maximum number of jurors permitted by law.

/s/ Sandra J. Rosenthal
SANDRA J. ROSENTHAL. ESQ.

Attorney for Plaintiff